24 C.C.P.A.(Patents).

## In re EITZEN.

### Patent Appeal No. 3708.

Court of Customs and Patent Appeals.
Dec. 21, 1936.

Gustav Drews, of New York City (Hans V. Briesen, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on certain improvements in projecting machines. Several claims were allowed, but claims 8, 9, 10, and 15 were rejected by both the Examiner and the Board of Appeals, on the following references: Percy (British), 12,599, May 24, 1910; Gallo & Galinou (French), 456,917, June 30, 1913.

Claim 8 is typical, and is as follows:
"8. A projecting machine head having two adjacent vertically extending light apertures inclined to one another, a lamp for each of said light apertures disposed in said head, light directing means for directing the light rays from each lamp through one of said light apertures in a substantially horizontal direction, each lamp and its associated light directing means being spaced from its light aperture to clear the light rays moving toward the other light aperture, the light rays so moving toward their respective light apertures crossing one another before reaching their respective light apertures, tape guiding means associated with said light apertures, and means for drawing a tape successively across said light apertures."

The invention relates to a stock ticker projecting head. This head is so arranged as to project the printed matter upon the ticker tape in two directions at the same time. The head is arranged with two lights, each with a reflector and pair of lenses. These lights are arranged at right angles to each other, each lamp being placed in a rectangular recess. The rays are projected in straight lines toward the emitting openings in such a way that the rays of light cross each other at right angles with the head. The ticker tape is moved successively across the lenses in the openings, so that the lamps will project the quotation appearing on the tape upon suitable screens. The focal length of the lenses are unequal. The light directing units are so spaced from the light apertures as to clear the light rays moving toward the other apertures.

The British patent to Percy shows a projecting apparatus, especially in Figure 13, with one light and one film, but with four condensers and four screens. Appellant comments upon the fact that the Examiner was in error in construing the elements 8 in said Figure 13 as lamps, whereas they are shown in said patent as condensers. However, it is not thought by the court that this makes any material difference as to the correctness of the decision of the Patent Office tribunals. The various projections in the Percy patent are at approximately right angles to each other, and are spaced from one another. The rays of light in the Percy patent do not intersect before they reach the emitting apertures. However, the Examiner is of opinion, as is the Board of Appeals, that to so place the light and condensers in Percy that the rays of light would intersect each other, does not involve invention, and we are inclined to agree with this theory. The Patent Office tribunals are of opinion that the crossing of the light rays

in such a device does not affect, in any way, the operation of the device, nor is it shown by the inventor that this produces any new or useful result. In fact, it does not appear that it results in any change of any kind in the passage of the rays of light to their respective apertures. The Examiner is also of opinion, which view is concurred in by the Board of Appeals, that "Condensers of different focal lengths are frequently substituted for one another to obtain the expected difference in result in an obvious manner well known in the art." The appellant does not deny this, nor make any showing to the contrary, and it must be a matter of common knowledge that this is true.

The French patent to Gallo et al. proposes to utilize the same film for projecting motion pictures "onto a more or less considerable number of screens, which may be disposed either at the same level in various directions or at different levels and likewise in various directions." In the patent, the film is so arranged that it will respectively pass before several multiple condensing lenses, distinct from each other, onto different screens. The patent shows one source of light, but several, in this case four, different reflectors and condensers for the emission of light in the desired direction. Some of these light projecting means are shown with a succession of mirrors so that the light will be deflected one or more times before it reaches its objective screen.

■ The appellant argues that the Gallo et al. patent is not operative, as the image which is reflected in some cases will be reflected backwards, and in others upside down and backwards, because of the number of reflections by the mirrors which are used. Therefore, appellant insists that the Gallo et al. patent ought not to be used as a reference, it being claimed to be inoperative. However, it will be noted that this point was not considered in the decisions of the tribunals below, and we are not in position to consider the same here. It does not appear that even if inoperative, it would be inventive to make such changes as to render it operative.

In addition to what is here said, our discussion of the Gallo reference in In re Eitzen, 86 F.(2d) 411, 24 C.C.P.A.(Patents) ——, is apropos.

It will furthermore be observed that none of the rejected claims recite any particular method for showing the images upon the screens. The appellant does not argue that

the references will not produce a a multiple of projections, but that he is producing a "particular type of multiple projection," as indicated in each claim, to wit, a number of projections which are disposed at right angles to one another so that the light rays, from sources of light, cross one another before reaching their respective light apertures. While the disclosure of appellant shows the particular feature of intersecting rays of light, it is not shown wherein such an arrangement is inventive, and the Patent Office tribunals are of opinion that no such invention is embodied in this idea.

■ We agree with the Board of Appeals that claims 8, 9, 10, and 15 were properly rejected, and its decision is affirmed.

Affirmed.